686 P.2d 973

**Jimmy Lee WALKER, Personal Representative in the Matter of the Estate of Barbara Jo Black, deceased, and Audrey Black, Personal Representative in the Matter of the Estate of Martin Black, deceased, Plaintiffs-Appellants,**

**v.**

**Jim Dwayne KEY, Harvey J. Key, Jr., and Billie L. Key, his wife, Individuals, Defendants,**

**and**

**Gerald M. Hietpas and Catherine Hietpas, his wife, Warning Lites, Inc. of Albuquerque, a New Mexico corporation, and John Hietpas, Defendants-Appellees.**

**No. 7469.**

Court of Appeals of New Mexico.

June 19, 1984.

Certiorari Quashed Aug. 30, 1984.

Thomas L. Popejoy, Jr. Popejoy & Leach, Albuquerque, for plaintiff-appellant Jimmy Lee Walker.

Paul A. Phillips, Albuquerque, for plaintiff-appellant Audrey Black.

Randal W. Roberts, Farlow, Simone & Roberts, P.A., Albuquerque, for defendants-appellees Gerald M. & Catherine Hietpas.

Paul L. Butt, Deborah S. Davis, Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, for defendant-appellee Warning Lites, Inc. of Albuquerque.

Donald C. Schutte, Johnson & Lanphere, P.C., Albuquerque, for defendant-appellee John Hietpas.

## OPINION

DONNELLY, Chief Judge.

This is a wrongful death action. Appellants are the personal representatives of the estates of Barbara Jo Black and Martin Black, decedents. They appeal from the entry of separate orders granting summary judgment in favor of the appellees Gerald M. Hietpas and his wife, Catherine Hietpas (Hietpases), and appellee Warning Lites, Inc. of Albuquerque (Warning Lites).

They appeal in addition from an order granting appellee John Hietpas's motion to dismiss.

The central issue presented on appeal is whether the holding in *Lopez v. Maez*, 98 N.M. 625, 651 P.2d 1269 (1982), precludes a claim for wrongful death against defendants who allegedly furnished alcoholic beverages to a minor, and where the minor's subsequent conduct resulted in injury to or the death of a third party. We reverse.

*Facts*

At about midnight on April 11, 1981, Martin Black and his wife, Barbara Jo Black, were driving east in their small station wagon on Interstate 40 in Albuquerque. Their vehicle was struck from behind by an automobile driven by defendant Jim Dwayne Key, a person under the age of twenty-one years, and thus a minor under the Liquor Control Act. NMSA 1978, § 60–7B–1.1 (Repl.Pamp.1981). Key was allegedly driving at more than 70 miles per hour. According to witnesses, Key was weaving and swerving through traffic, straddling lanes, and "tailgating" various vehicles immediately before the accident.

When Key's car struck the Blacks' vehicle, it caused the Blacks' station wagon to spin and roll over several times. Both of the Blacks were thrown from their car onto the shoulder of the roadway. Both victims died shortly after the accident from massive injuries.

Officers at the scene found inside Key's vehicle sixteen bottles of unopened cold beer, two opened bottles of beer—one empty and the other almost empty, and two empty miniature bottles of rum and bourbon. Officers also reported that the interior of Key's car smelled strongly of beer and the front seat was soaked with beer.

Key submitted to a field sobriety test and admitted drinking four beers over a six-hour period just prior to the accident. A blood test administered to Key indicated a blood-alcohol level of 0.15%.

Key stated that prior to the accident he had left a surprise birthday party given for appellee Gerald Hietpas. Key admitted

that he had been drinking at the party held at the Hietpases' home. Key was an employee of appellee Warning Lites. Gerald and Catherine Hietpas at all material times were the president and secretary-treasurer of Warning Lites. The Hietpases admitted in affidavits filed in support of their motion for summary judgment that the party was held in their home on the evening of the accident. They also admitted that the party was planned and paid for by their children, including their son, John Hietpas. The Hietpases admitted having a case of beer at the party; however, they deny offering or serving Key any alcoholic beverage.

Warning Lites denied that the corporation sponsored the party, or that the party was held for employees or clients of the corporation. A number of friends, neighbors, and members of the Hietpas family attended the party. Appellants admitted in response to a request for admissions that on the basis of the discovery "done * * * to date," Gerald and Catherine Hietpas did not buy alcoholic beverages for Key.

On August 30, 1983, the trial court granted summary judgment in favor of Warning Lites. On September 26, 1983, the court granted summary judgment in favor of the Hietpases and also granted John Hietpas's motion to dismiss for failure to state a claim.

### Viability of Causes of Action

Appellants contend that the trial court erred in dismissing their second amended complaint, and that it erred in granting appellees' motions for summary judgment. Both the orders granting summary judgment and the order granting dismissal were predicated upon the basis that "the * * * accident occurred prior to the date of the mandate in Lopez v. Maez * * *." The date of the supreme court decision in Lopez v. Maez was September 13, 1982.

In Lopez v. Maez, the supreme court considered whether common law negligence principles impose civil liability on tavernkeepers who reasonably could have foreseen that serving alcoholic beverages to an inebriated person could result in harm to a third party. After reviewing the existing common law, the court held:

> In light of the use of automobiles and the increasing frequency of accidents involving drunk drivers, [statistics cited in a footnote] we hold that the consequences of serving liquor to an intoxicated person whom the server knows or could have known is driving a car, is reasonably foreseeable * * *. Therefore, we hold that a person may be subject to liability if he or she breaches his or her duty by violating a statute or regulation which prohibits the selling or serving of alcoholic liquor to an intoxicated person; the breach of which is found to be the proximate cause of injuries to a third party.

The court in Lopez v. Maez expressly overruled its prior decisions in Hall v. Budagher, 76 N.M. 591, 417 P.2d 71 (1966) and Marchiondo v. Roper, 90 N.M. 367, 563 P.2d 1160 (1977). Hall v. Budagher held that there was no cause of action for wrongful death against a tavernkeeper who served alcohol to an alleged drunken patron who left the tavern in his automobile and subsequently injured a third party. Marchiondo v. Roper held that no liability exists under the common law to hold a tavernkeeper for his negligence in the sale of intoxicating liquor to an inebriated customer resulting in injury to third parties.

The court in Lopez v. Maez further held that its decision should apply to that case "and to prospective cases in which the damages and injuries arise after the date of the mandate in this case." The court reasoned that prospectivity was appropriate because the new law "imposes significant new duties and conditions and takes away previously existing rights * * *."

Because the accident occurred on April 11, 1981, and the mandate in Lopez v. Maez issued on October 15, 1982, the appellees contend that the instant case is controlled by the requirement of prospective application of the Lopez decision.

Appellants, however, argue that the holding in Lopez v. Maez and its prospectivity

requirements do not apply to the instant case and that the prospectivity rule of *Lopez v. Maez* should not be interpreted to apply to a situation where liquor was allegedly provided to a minor at a social gathering, in contravention of Section 60–7B–1.1. Appellants assert that, unlike the situation in *Lopez v. Maez*, appellees herein are alleged to have violated a New Mexico statute designed to protect the class of persons to whom the appellants' decedents belonged, and that the violation constitutes negligence per se. Section 60–7B–1.1.

We deem the case before us to be distinguishable from the holding in *Lopez v. Maez* and not controlled by the prospectivity provisions of *Lopez*. Unlike the situation in *Lopez*, appellees here are alleged to have violated a New Mexico statute prohibiting the furnishing of liquor to minors. That law was intended to protect minors and to protect the general public from the risk of injury caused by intoxicated minors. *See Zamora v. J. Korber & Co.*, 59 N.M. 33, 278 P.2d 569 (1954); NMSA 1978, UJI Civ. 15.1 (Repl.Pamp.1980); *Brockett v. Kitchen Boyd Motor Co.*, 24 Cal.App.3d 87, 100 Cal.Rptr. 752 (1972). These factors were not present in *Lopez v. Maez.*

The court in *Lopez v. Maez* expressly rejected the rationale underlying *Hall v. Budagher* and *Marchiondo v. Roper*—that the proximate cause of injury is the buyer's act in drinking the liquor, not the vendor's act in selling. Rather, the *Lopez* court held that there exists a duty of care upon persons serving intoxicating liquor to the public. Such duty has usually been found in legislative enactments; the breach of this statutory duty may result in liability. *See also King v. Wetzstein*, 81 Cal.App.3d

837, 146 Cal.Rptr. 782 (1978); *Brockett v. Kitchen Boyd Motor Co.; Ross v. Ross*, 294 Minn. 115, 200 N.W.2d 149 (1972); *Linn v. Rand*, 140 N.J.Super. 212, 356 A.2d 15 (1976).

Section 60–7B–1.1 provides in applicable part:

A. It is a violation of the Liquor Control Act for any club, retailer, dispenser *or any other person*, except the parent or guardian or adult spouse of any minor, or adult person into whose custody any court has committed the minor * * * to do any of the following acts:

(1) to sell, serve or give any alcoholic liquor to a minor or to permit a minor to consume alcoholic liquor on the licensed premises;

(2) *to buy alcoholic liquor for or to procure the sale or service of alcoholic liquor to a minor;*

(3) *to deliver alcoholic liquor to a minor; or*

(4) *to aid or assist a minor to buy, procure or be served with alcoholic liquor.* [Emphasis added.]

This statute has had a tortured legislative history.[1] The portion of the statute quoted above was in effect at the time of the accident on April 11, 1981, which resulted in the deaths of the decedents.[2]

The focus of the instant appeal rests largely on the complaint—whether the allegations state a valid cause of action sufficient to withstand a motion to dismiss and to repel a motion for summary judgment. The allegations of appellants' second amended complaint are that appellees bought or furnished alcoholic beverages

---

1. Section 60–7B–1.1 was repealed by 1981 N.M. Laws ch. 39, Section 128, effective July 1, 1981. However, on April 8, 1981, the same legislature enacted further amendments to the section in 1981 N.M.Laws ch. 252, Section 1, which rendered the prior 1981 legislative enactment of no effect. *See also* NMSA 1978, § 12–1–8.

2. The legislature, by 1983 N.M.Laws ch. 328, Section 1, enacted NMSA 1978, Section 41–11–1(D) (Supp.1983), which became effective in 1983. That section provides in part: "No person who has gratuitously provided alcoholic

beverages to a guest in a social setting may be held liable in damages to any person for bodily injury, death or property damage arising from the intoxication of the social guest unless the alcoholic beverages were provided *recklessly in disregard of the rights of others*, including the social guest." (Emphasis added.) The statute further provides, under Subsection E, that "[i]t shall not be negligence per se to violate Sections 60–7B–1 and 60–7B–1.1 NMSA 1978." This statute, not having been enacted until 1983, does not apply to the accident in this case.

for Key, a minor, or permitted him to consume alcoholic beverages in violation of the New Mexico Liquor Control Act. We hold that the amended complaint properly alleges a valid cause of action.

*Lopez v. Maez* contains nothing which specifically bars the bringing of appellants' suit as a matter of law. *Lopez* dealt with tavernkeepers. Its rationale for prospectivity was specifically to allow tavernkeepers time to acquire insurance against a significant new risk. Its holding was specifically addressed to the serving of alcoholic liquor to "intoxicated persons."

Nor does the *Lopez* line of cases suggest that the common law ever precluded liability to an injured third party resulting from the unlawful furnishing of liquor to a minor. *See Burke v. Superior Court,* 129 Cal.App.3d 570, 181 Cal.Rptr. 149 (1982). On the contrary, as observed in *Lopez v. Maez,* it is well settled that intervening acts of the driver will not relieve the original wrongdoer of liability if those *acts are reasonably foreseeable.* Youth and inexperience make misuse of alcohol especially likely, and therefore more foreseeable when the drinker is under the age of twenty-one. *See Burke v. Superior Court; see also Brockett v. Kitchen Boyd Motor Co; Wiener v. Gamma Phi Chapter of Alpha Tau Omega Fraternity,* 258 Or. 632, 485 P.2d 18 (1971),[3] and Cal.Bus. & Prof.Code § 25602.1 (West.Supp.1984); *see also* Annot., 53 A.L.R.3d 1285 (1973). Section 60–7B–1.1, in force at the time of the accident herein, reflects a legislative finding that people under the age of twenty-one are not ready to handle the consumption of liquor.

These considerations have not been specifically abrogated by the prospectivity provisions of *Lopez v. Maez.* The legislative mandate prohibiting the furnishing of liquor to a minor was obvious prior to the *Lopez* decision.

Decisions in New Mexico subsequent to *Lopez v. Maez* reflect that the legislature has determined that minors fall within a special class, and that public policy dictates that the minors and the public are entitled to be protected from those who would illegally furnish liquor to underaged persons.

In *MRC Properties, Inc. v. Gries,* 98 N.M. 710, 652 P.2d 732 (1982), the supreme court found that the act of a party in providing liquor to a minor contrary to the Liquor Control Act constitutes a breach of the duty of care to plaintiffs or to the class of persons of which decedents were members.

Justice Riordan, speaking for the court, stated in *MRC:*

The Legislature by the enactment of Section. 60–10–16(A) [recompiled as Section 60–7B–1.1] imposed a duty on [a] "club, retailer, dispenser or any other person" not to sell, serve, give, permit to consume, buy, procure, service, deliver, aid or assist in giving alcoholic liquor to minors. Assuming that the plaintiffs can show that [appellees] breached this duty, and further assuming that plaintiffs can show that the breach of this duty was the proximate cause of the accident, then liability can be imposed. We adopt the standard of negligence used for the violation of a statute set forth in N.M.U.J.I.Civ. 15.5, N.M.S.A. 1978 (Repl.Pamp.1980) * * *.

The court in *MRC* was presented with a situation factually similar to the case at bar. The court affirmed the trial court's denial of summary judgment in favor of the driver's employer and others who allegedly provided liquor to a minor at a Christmas party. *Lopez v. Maez,* on the other hand, dealt entirely with the furnishing of alcoholic beverages to an adult. The court in *MRC* stated that "[t]he present case and *Lopez v. Maez* were on appeal in our Court at the same time; therefore, we will allow the application of the common law negligence principle set forth in *Lopez v. Maez* to apply to the present case." (Footnote omitted.) *See Porter v. Ortiz,*

---

**3.** Oregon has since limited liability for anyone serving liquor to minors, in Or.Rev.Stat. Section 30.960 (Repl.Pamp.1983), to those situations where "a reasonable person would have determined that identification should have been requested or * * * was altered or * * * not [accurate] * * *."

100 N.M. 58, 665 P.2d 1149 (Ct.App.), *cert. quashed,* 100 N.M. 53, 665 P.2d 809 (1983). The reference in *MRC* to common law negligence went to the causation aspect of liability. Specifically, that violation of a statute was negligence and if the statutory violation caused injury, liability could be imposed. This was not new law. *See* NMSA 1978, UJI Civ. 15.5 (Repl.Pamp. 1980). The prospectivity provision of *Lopez v. Maez* as to liability of tavernkeepers does not bar application of the long established basis of liability for injury caused by a statutory violation.

After the decision in *MRC*, the legislature in 1983 enacted NMSA 1978, Section 41–11–1 (Supp.1983), creating immunity from suit for any person who furnishes or gives liquor to another except where the alcoholic beverages *"were provided recklessly in disregard of the rights of others, including the social guest."* (Emphasis added.) John Hietpas states: "The enactment was not made retroactive and no claim could be based thereon for this case." The other defendants suggest the statute should be applied and should remove "any per se liability."

In adopting Section 41–11–1, the legislature intended to limit the rights of third parties to recover against social hosts who provided alcoholic beverages to intoxicated guests who negligently injure a third party. The enactment of this statute did not create a new cause of action but instead was a limitation on existing rights.[4] The existing right, not the limitation thereon, is the issue in this appeal.

We hold that the allegation of a breach of Section 60–7B–1.1 which caused injury to plaintiffs states a claim for relief and that claim is not barred by the prospectivity rule stated in *Lopez.*

The cause is reversed and remanded to the district court for trial. Plaintiffs are awarded their costs.

**IT IS SO ORDERED.**

WOOD and ALARID, JJ., concur.

---

4. The title to 1983 N.M.Laws ch. 328, Section 1 (NMSA 1978, § 41–11–1), reads "Relating to Alcoholic Beverages; *Limiting Civil Liability* in Sales of Alcoholic Beverages or Serving of Alcoholic Beverages to Guests." (Emphasis added.)