752 P.2d 245

**Joyce BAXTER, Personal Representative of the Estate of Wayne K. Baxter, Deceased, Plaintiff–Appellee,**

v.

**Nos. 9877, 9880.**

Court of Appeals of New Mexico.

Sept. 10, 1987.

J. Wayne Woodbury, Silver City, for plaintiff-appellee.

Alice Tomlinson Lorenz, Judith Amer, Miller, Stratvert, Torgerson & Schlenker, P.A., Albuquerque, for defendants-appellants Shady Grove Truck Stop and Cafe, Inc.

Celia Foy Castillo, Foy, Foy & Jollensten, Silver City, for defendants-appellants Fausto Noce and Eugene Noce.

## OPINION

APODACA, Judge.

Joyce Baxter, as personal representative of the estate of Wayne K. Baxter (Baxter), filed a complaint against defendants under NMSA 1978, Section 41–11–1(A) (Repl. Pamp.1983), a statute governing a licensee's tort liability for alcoholic liquor sales and service. She alleged that Baxter died as a result of another intoxicated patron being served alcoholic beverages at two taverns owned and managed by defendants, in violation of NMSA 1978, Section 60–7A–16 (Repl.Pamp.1981), which statute prohibits the sale of alcoholic beverages to an intoxicated person.

Defendants moved for judgment on the pleadings, contending that under *Trujillo v. Trujillo*, 104 N.M. 379, 721 P.2d 1310 (Ct.App.1986), they owed no duty to Baxter. The trial court, finding the facts distinguishable from *Trujillo*, denied the motion and defendants were granted leave to file an interlocutory appeal.

The issue presented on appeal is whether an intoxicated passenger in a vehicle driven by a person whose intoxication is reasonably apparent, has a cause of action against a tavern that served alcoholic beverages to both the driver and the passenger, as patrons, in violation of Section 60–7A–16. On the facts of this case, and for the reasons stated below, we hold that such a cause of action does not exist and that the trial court therefore erred in denying defendants' motion. We reverse.

In reviewing the denial of defendants' motion for judgment on the pleadings, we treat the facts alleged in the complaint as true and determine whether there is a basis for the judgment as a matter of law. *See Ramirez v. Armstrong*, 100 N.M. 538, 673

P.2d 822 (1983); *Matkins v. Zero Refrigerated Lines, Inc.*, 93 N.M. 511, 602 P.2d 195 (Ct.App.1979). The alleged facts relevant to this appeal follow.

On April 5, 1985, Robert Reynolds, Jr. (Reynolds) and Baxter drank alcoholic beverages together in defendants' taverns. Even though defendants knew or should have known that both Reynolds and Baxter were intoxicated, they continued serving the two men alcoholic beverages. Several hours later, Baxter and Reynolds, in an intoxicated condition, left the second tavern in Reynolds' truck. Reynolds, who was driving, lost control of the truck, causing it to leave the roadway and roll over several times. Both men were killed.

We must determine, under our state's wrongful death statute, NMSA 1978, Section 41–2–1 (Repl.Pamp.1986), if, had Baxter lived, he would have had a cause of action against defendants under Section 41–11–1 as enacted in 1983 and as interpreted in *Trujillo*.

In *Trujillo*, an intoxicated patron of a supper club was served alcoholic beverages despite his intoxication. The patron subsequently wandered onto a highway into the path of an oncoming vehicle and was killed. This court held, as a matter of common and statutory law, that the supper club owed the patron no duty to protect him from the results of his own intoxication. *Trujillo* rejected the imposition of liability when the patron voluntarily became intoxicated and as a result, exposed himself to a dangerous situation (standing on the highway in the face of oncoming traffic). We read *Trujillo* as stating that if a patron's own intoxication is a proximate cause of his injury or death, as a matter of public policy, a tavern has no duty under Section 41–11–1 to protect the patron from such injury.

Under the facts of this appeal, an admittedly intoxicated person got into a vehicle with a driver whose intoxication was reasonably apparent. The serious danger caused by drunken drivers is a matter of common knowledge. *Lopez v. Maez*, 98 N.M. 625, 651 P.2d 1269 (1982). No reasonable *unintoxicated* person would allow

himself to become a passenger in a car with an intoxicated driver. By voluntarily doing so, Baxter exposed himself to a dangerous situation, as did the intoxicated patron in *Trujillo*. No reasonable mind would question that Baxter's intoxication was a factor in his exercising such poor judgment.

Where the facts are not in dispute and reasonable minds cannot differ over the reasonable inferences to be drawn from those undisputed facts, proximate cause becomes an issue of law. *Galvan v. City of Albuquerque*, 85 N.M. 42, 508 P.2d 1339 (Ct.App.1973). An act is the proximate cause of an injury if the injury is the natural, probable, or foreseeable result of the act. *F & T Co. v. Woods*, 92 N.M. 697, 594 P.2d 745 (1979). The act need not be the sole cause, only a concurring cause. *Galvan v. City of Albuquerque*. It was readily foreseeable that as a result of Baxter's decision to get into a car with a driver whose intoxication was reasonably apparent, Baxter could be involved in an accident.

On the facts alleged in the complaint, we hold, as a matter of law, that Baxter's own intoxication was a proximate cause of his death and his estate is precluded from recovery against defendants. The trial court's ruling on defendants' motion for judgment on the pleadings is reversed and the case is remanded with instructions to enter judgment in favor of defendants.

IT IS SO ORDERED.

ALARID, J., concurs.

GARCIA, J. specially concurs.

GARCIA, Judge (specially concurring).

While I concur in the result and much of my colleagues' thoughtful analysis, my determination is based on grounds other than proximate cause. In *Trujillo v. Trujillo*, 104 N.M. 379 at 382, 721 P.2d 1310 at 1313, we stated "[a] duty should not be imposed upon the tavernkeeper, and protection should not be extended, because the adult voluntarily created the vulnerability that is the problem." We felt that allowing an

adult, intoxicated patron recovery against the tavernkeeper "would savor too much of allowing a person to benefit by his or her own wrongful act." *Id.* at 382, 721 P.2d 1313. The same line of reasoning applies here. I discern no difference between Trujillo's decedent who was a pedestrian and the decedent in the case at bar who was a passenger. Both were adult patrons who voluntarily became intoxicated. Public policy should not protect adults from their own conscious folly. To do so "fosters individual irresponsibility" and should not be encouraged. *See Kindt v. Kauffman,* 57 Cal.App.3d 845, 856, 129 Cal.Rptr. 603, 610 (1976).

*Trujillo* did not determine whether the sale of liquor to decedent was the proximate cause of decedent's death. Because *Trujillo* provides a public policy approach which resolves the present case, there is no need to rule, as a matter of law, that Baxter's intoxication was the proximate cause of his death.