Tyler **REEDER**, Petitioner,

v.

Andrew Paul **DANIEL**, Respondent.

No. 00-0523.

Supreme Court of Texas.

Argued April 4, 2001.

Decided Nov. 8, 2001.

---

Jonathan C. Allen, Ernest W. Boyd, Mehaffy & Weber, Beaumont, for Petitioner.

Nathan Lee Reynolds, Port Arthur, for Respondent.

Justice ENOCH delivered the opinion of the Court, in which Justice HECHT, Justice OWEN, Justice BAKER, Justice JEFFERSON, and Justice RODRIGUEZ join.

■ Seventeen-year-old Jeff Lawson struck and injured Andrew Daniel after drinking beer at a party that Tom and Pam Reeder's teenage son Tyler hosted. We must decide whether Daniel may recover against Tyler, as a social host, for injuries Lawson caused. The court of appeals recognized a negligence per se civil cause of action where one violates the criminal statute that prohibits furnishing alcohol to minors.[1] But the Legislature has not expressly created a civil cause of action against social hosts for violating this statute. Twice previously, we deferred to the Legislature and declined to recognize social-host liability: (1) for serving intoxicated adult guests;[2] and (2) for serving guests from ages eighteen to twenty.[3] We now conclude that the Texas Alcoholic Beverage Code ("Code"),[4] as well, precludes us from recognizing a social-host

---

**1.** TEX. ALCO. BEV.CODE § 106.06.

**2.** *Graff v. Beard,* 858 S.W.2d 918 (Tex.1993).

**3.** *Smith v. Merritt,* 940 S.W.2d 602, 608 (Tex. 1997).

**4.** TEX. ALCO. BEV.CODE §§ 1–251.

civil cause of action for making alcohol available to guests under age eighteen. Accordingly, we reverse the court of appeals' judgment against Tyler Reeder and render judgment that Daniel take nothing.

## I. FACTS

On August 26, 1995, Tyler Reeder hosted a party at his parents' home, when his parents were out of town. There is no evidence that Tyler purchased any alcohol himself. But Jeff Lawson testified that he and another underage friend bought several cases of beer and brought them to the Reeder home at seven o'clock that evening. Lawson further stated that Tyler helped them load the beer into a refrigerator and several coolers for the party that began shortly thereafter.

Around midnight, Daniel arrived uninvited at the Reeder home. Apparently, there had been an ongoing feud between Daniel's friends and Lawson's friends. Tyler told Daniel to leave, but Daniel ignored him. Lawson then struck Daniel in the face, causing serious injury. Lawson testified that he consumed at least twelve beers before striking Daniel.

Daniel sued Lawson for battery. He also sued Tom and Pam Reeder for negligence per se, ordinary negligence, and gross negligence for allowing Lawson, who was seventeen, to consume alcohol at their home. As well, Daniel sued Tyler for negligence per se, ordinary negligence, and gross negligence for hosting the party and "making alcohol available" to Lawson. While there is no evidence that Tyler paid for any alcohol, Daniel claimed that Tyler nonetheless "made alcohol available" by knowingly allowing Lawson to consume alcohol in his home and by helping to place alcohol where he knew Lawson could obtain it.

Daniel eventually settled his claims against Lawson. Shortly thereafter, the Reeders moved for summary judgment on two grounds. First, they contended that Texas does not recognize a civil cause of action for social-host liability. Second, they argued there was no evidence that any of them actually "made alcohol available" to Lawson.

The trial court granted summary judgment for the Reeders on Daniel's claims against them, ruling that Texas does not recognize social-host civil liability. The court of appeals affirmed the summary judgment for Tom and Pam Reeder, finding no evidence that they knew alcohol would be made available to minors at their home.[5] But the court of appeals reversed the summary judgment for Tyler. The court observed that making alcohol available to minors violates section 106.06 of the Code.[6] The court concluded that Tyler's violating this statute constituted negligence per se and that a fact issue existed about whether Tyler "made alcohol available" to Lawson within the statute's meaning.[7] Accordingly, the court remanded this issue for trial.

The issue before us is whether Daniel may recover against Tyler as a social host. Because we are not permitted to recognize a cause of action against social hosts under Texas law, we reverse the judgment of the court of appeals. Further, because of our holding, we do not decide whether Tyler actually "made alcohol available" to Lawson.

## II. DISCUSSION

Negligence per se is a common-law doctrine that allows courts to rely on a

---

5. 16 S.W.3d 491, 495.

6. *Id.* at 494.

7. *Id.* at 494–95.

penal statute to define a reasonably prudent person's standard of care.[8]  Here, Daniel asserts that Tyler's conduct was negligent per se because it violated Title 4, Chapter 106, section 106.06 of the Code, which makes it a criminal offense to make alcohol available to persons under twenty-one.[9]  But it is well established that criminal statutes do not always represent a standard for civil liability.[10]  Further, the fact that the Legislature enacts a criminal statute does not necessarily mean that this Court may recognize a civil cause of action predicated upon that statute.  In determining whether a penal statute provides the basis for a civil cause of action, we must consider whether recognizing such an accompanying civil action would be inconsistent with legislative intent.[11]

In *Smith v. Merritt,* we held that, by enacting Chapter 106, section 106.06, prohibiting making alcohol available to minors, the Legislature did not intend to provide a negligence per se action against social hosts for serving alcohol to persons age eighteen to twenty.[12]  We stated that Title 1, Chapter 2 of the Code, which is known as the Dram Shop Act, "provides the exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older." [13]  We also observed that the Dram Shop Act only creates one civil cause of action—an action against commercial providers for serving obviously intoxicated persons—and does not create civil liability for serving alcohol to minors.[14]  Under these statutes, we held it "inconceivable that the Legislature would desire that the combination of Chapter 106 and Chapter 2 would result in negligence per se for social hosts but not for commercial providers" for serving alcohol to persons aged eighteen to twenty.[15]  Thus, we declined to recognize a per se civil action based on Chapter 106, section 106.06 for serving persons aged eighteen to twenty.[16]  At that time, we did not reach the question of whether a per se cause of action may exist for making alcohol available to persons under eighteen.[17]

Daniel now urges us to recognize such a cause of action.  He asserts that the Dram Shop Act's exclusivity provision applies only to persons aged eighteen and older.  According to Daniel, this demonstrates a legislative intent to preserve other possible claims, including negligence per se claims, against those who make alcohol available to persons under eighteen.  Daniel further contends that the state's public policy against underage drinking supports recognizing a negligence per se action against social hosts who make alcohol available to persons under eighteen.

We disagree with Daniel's position.  As we stated in *Smith,* the Legislature divided the Alcoholic Beverage Code into separate criminal and civil liability sections.[18]  The criminal statute at issue here, section 106.06, appears in Title 4, entitled "Regulatory and Penal Provisions," under Chapter 106, "Provisions Relating to Age." By contrast, the Dram Shop Act, establishing

---

**8.**  *Carter v. William Sommerville & Son, Inc.,* 584 S.W.2d 274, 278 (Tex.1979).

**9.**  Tex. Alco Bev.Code § 106.06.

**10.**  *Carter,* 584 S.W.2d at 278.

**11.**  *Smith,* 940 S.W.2d at 607.

**12.**  *Id.* at 608.

**13.**  *Id.* (quoting Tex. Alco. Bev.Code § 2.03).

**14.**  *Id.* at 607.

**15.**  *Id.* at 608.

**16.**  *Id.*

**17.**  *See id.*

**18.**  *Id.* at 607–08.

civil liability for serving alcohol, appears in Title 1, "General Provisions," under Chapter 2, "Civil Liabilities for Serving Beverages." Thus, the Legislature established a bifurcated criminal and civil liability scheme.

Moreover, in enacting the Dram Shop Act, the Legislature specifically considered and rejected providing for a civil cause of action against social hosts.[19] The bill's earlier versions created civil causes of action against both commercial providers and social hosts.[20] But the legislative conference committee eventually deleted social-host liability from the bill's final version, imposing liability only on commercial providers.[21]

As well, we note that courts in other jurisdictions have been reluctant to recognize a social-host cause of action when the state legislature has been active in regulating alcoholic beverages. During the 1980s, in response to growing concerns over drunk driving, several jurisdictions recognized civil causes of action against alcohol providers for violating a criminal statute by serving alcohol to minors.[22] But more recently other courts have been hesitant to recognize civil liability for social hosts when there is no statute specifically authorizing such liability. For example, the Washington Supreme Court declined to recognize per se liability for a social host who provided a minor alcohol, though this conduct violated a criminal statute.[23] The court observed that Washington law treated social hosts more leniently than commercial vendors, and it further reasoned that "[s]ocial hosts are not as capable of handling the responsibilities of monitoring their guests' alcohol consumption as are their commercial and quasi-commercial counterparts."[24] These and other concerns persuaded the court to determine that in the absence of statutorily-created civil liability, "the judiciary is ill equipped to impose social host liability."[25]

The Illinois Supreme Court also declined to recognize social-host liability for serving alcohol to minors, out of deference to the legislature.[26] And in cases involving commercial providers who sold alcohol to minors, the Kansas and Nebraska Supreme Courts determined that the civil liability issue is a public policy question best left to the legislative branch.[27] Further, the Nevada Supreme Court declined to recognize a civil cause of action based on a criminal statute that prohibited selling alcohol to intoxicated persons because:

> The statute before us is but one of many in the statutory scheme regulating the sale of tobacco and intoxicating liquor to minors and drunkards. The section immediately preceding [the statute in

19.  *Id.* at 605.

20.  *Id.*

21.  *Id.*

22.  *See, e.g., Ely v. Murphy,* 207 Conn. 88, 540 A.2d 54, 58 (1988); *Longstreth v. Gensel,* 423 Mich. 675, 377 N.W.2d 804, 812–13 (1985); *Walker v. Key,* 101 N.M. 631, 686 P.2d 973, 976–77 (N.M.Ct.App.1984); *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 526 N.E.2d 798, 800 (1988); *Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515, 518 (1983); *Koback v. Crook,* 123 Wis.2d 259, 366 N.W.2d 857, 865 (1985).

23.  *Reynolds v. Hicks,* 134 Wash.2d 491, 951 P.2d 761, 765 (1998).

24.  *Id.* at 764 (citation omitted).

25.  *Id.* at 765 (internal quotes and citation omitted).

26.  *Charles v. Seigfried,* 165 Ill.2d 482, 209 Ill.Dec. 226, 651 N.E.2d 154, 161 (1995).

27.  *See Mills v. Overland Park,* 251 Kan. 434, 837 P.2d 370, 377 (1992); *Pelzek v. American Legion,* 236 Neb. 608, 463 N.W.2d 321, 324 (1990).

question] does impose a limited civil liability upon the proprietor of a saloon who sells liquor to a minor. By providing for civil liability in one section and failing to do so in the section immediately following, the legislature has made its intention clear. Accordingly, we must conclude that a violation of [the statute in question] does not impose civil liability upon one in charge of a saloon or bar, nor is such a violation negligence per se.[28]

The Nevada Supreme Court reaffirmed this holding in 1994, noting that creating such an action would "flood our courts with a multitude of questions that are better addressed by the legislature." [29]

Additionally, the Pennsylvania Supreme Court, which had previously recognized a negligence per se cause of action for adults who illegally serve minors,[30] later observed that further decisions about "imposing civil liability on nonlicensed persons who furnish intoxicants without remuneration" are "best left to the General Assembly." [31] As a result, the Pennsylvania Supreme Court refused to recognize a civil cause of action for a minor who served another minor.[32]

Similarly, the Texas Legislature's enactments in this area caution us against recognizing a new common-law cause of action against social hosts for violating the Code's prohibition against serving alcohol to minors. Not only do the Legislature's actions demonstrate an intent to treat criminal liability separately from civil liability and an intent to treat commercial providers differently from social hosts, but the Legislature has been especially active in this area. The Code now includes over 200 chapters regulating the production, sale, furnishing, consumption, and storage of alcoholic beverages. Notably, the last time we recognized a common-law cause of action against alcohol providers—in that case, against licensed commercial providers for selling alcohol to intoxicated patrons—the Legislature preempted our holding by enacting the Dram Shop Act.[33]

In sum, the Legislature has actively regulated alcoholic beverage consumption, separated the Texas Alcoholic Beverage Code into criminal and civil sections, and declined to include social hosts in the Dram Shop Act's civil liability scheme. Accordingly, we will not disturb the Legislature's regulatory scheme by judicially recognizing a cause of action against social hosts who "make alcohol available" to guests under age eighteen.

■■■ As an alternative to per se liability, Daniel invites us to recognize an ordinary negligence cause of action against social hosts for making alcohol available to minors. It is fundamental, however, that a legal duty must exist before a defendant is held liable for negligence.[34] Historically, an alcohol provider owed no duty to third persons for injuries intoxicated persons caused.[35] In deciding whether to recognize a new duty, we give careful consideration to legislative actions reflecting the

---

**28.** *Hamm v. Carson City Nugget, Inc.*, 85 Nev. 99, 450 P.2d 358, 360 (1969).

**29.** *Snyder v. Viani*, 110 Nev. 1339, 885 P.2d 610, 613 (1994).

**30.** *Congini*, 470 A.2d at 518.

**31.** *Alumni Ass'n v. Sullivan*, 524 Pa. 356, 572 A.2d 1209, 1211 (1990).

**32.** *Kapres v. Heller*, 536 Pa. 551, 640 A.2d 888, 889 (1994).

**33.** *See El Chico Corp. v. Poole*, 732 S.W.2d 306, 314 (Tex.1987).

**34.** *Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 720 (Tex.1995).

**35.** *Smith*, 940 S.W.2d at 605.

adoption of a particular public policy.[36] Here, based on the same legislative actions that persuade us to reject a negligence per se civil cause of action, we likewise decline to recognize a new social-host duty not to make alcohol available to minors.

## III. CONCLUSION

The Legislature's comprehensive action in this area precludes us from recognizing a social-host civil cause of action for serving alcohol to persons under age eighteen. We therefore do not decide whether there is evidence that Tyler made alcohol available to Lawson. Accordingly, we reverse the court of appeals' judgment against Tyler Reeder and render judgment that Daniel take nothing.

Chief Justice PHILLIPS filed a concurring opinion, in which Justice HANKINSON and Justice O'NEILL join.

Chief Justice PHILLIPS, joined by Justice HANKINSON and Justice O'NEILL concurring.

As it comes to us, this is a claim by one child under eighteen against another child under eighteen for negligence in making alcohol available at a party. The Court declines, and I believe properly so, to impose a duty in this case. But the Court's reasoning for this result is too broad. In previous cases involving social-host liability, we have wisely crafted narrow rulings that left room for later development in our common law. Today the Court abandons that restraint to hold categorically that no one, under any circumstances, can be liable to anyone in the world, regardless of the age of the server or the recipient, for providing alcohol in a social setting. I am not sure that this conclusion is correct, but I am absolutely certain that it is not necessary to the resolution of this case. I would

reverse the court of appeals' judgment and render judgment for Reeder on the more limited basis that one minor cannot be liable for providing alcohol to another minor in a social setting.

I

Nothing in the Dram Shop Act itself forecloses common-law liability for an adult who provides alcohol to a minor. The Act "provides the exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older." TEX. ALCO. BEV.CODE § 2.03. If the Legislature wanted to foreclose a cause of action for providing alcohol to persons under eighteen, it could have easily written the law so that it would provide the exclusive remedy for providing alcohol to anyone, regardless of age. On three occasions, this Court has resolved social-host liability issues without deciding whether a social host could incur civil liability for providing alcohol to persons under eighteen. *See Friesenhahn v. Ryan*, 960 S.W.2d 656 (Tex.1998) (declining to reach the question of whether per se liability exists for serving alcohol to persons under the age of eighteen); *Smith v. Merritt*, 940 S.W.2d 602 (Tex.1997) (holding only that there is no per se liability for serving alcohol to persons between the ages of eighteen and twenty); *Graff v. Beard*, 858 S.W.2d 918 (Tex.1993) (holding only that an adult social host could not be liable for the conduct of an intoxicated adult guest). Until today, this issue was clearly open under Texas common law.

There are sound policy reasons for holding adult social hosts liable for providing alcohol to minors. Texas law often treats children differently than adults. *See, e.g., Rudes v. Gottschalk*, 159 Tex. 552, 324 S.W.2d 201 (1959) (holding that a child is not held to the standard of a reasonably

---

36. *Id.* at 604–05.

prudent adult but rather to the standard of a reasonably prudent child of the same age, intelligence, and experience); TEX.R. EVID. 601(a)(2) (prescribing different rules of competency to testify for children than for adults). The Pennsylvania Supreme Court found these distinctions persuasive in the social-host context. *See Kapres v. Heller*, 536 Pa. 551, 640 A.2d 888 (1994); *Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983). That court first considered social-host liability for adult hosts and imposed a duty on adult hosts providing alcohol to minors. *Congini*, 470 A.2d at 518. Then, the court considered liability for minor hosts and declined to impose a duty. *Kapres*, 640 A.2d at 889. When statutes do not dictate otherwise, several other states have recognized a cause of action against adult hosts for serving alcohol to minors. *See* Raymond, Annotation, *Social Host's Liability for Injuries Incurred by Third Parties as a Result of Intoxicated Guest's Negligence*, 62 A.L.R.4th 16 (1988) (citing cases from Arizona, Georgia, Iowa, Michigan, New Mexico, and Pennsylvania). We should wait until the proper case, with the issue squarely before us, before deciding whether Texas should also recognize a common-law cause of action against adults who serve alcohol to minors.

## II

The court of appeals held that Reeder could be liable under a negligence per se theory for providing alcohol to Lawson in violation of section 106.06 of the Alcoholic Beverage Code. When Daniel was injured, that section provided that it was a Class C misdemeanor to furnish alcohol to a minor. TEX. ALCO. BEV.CODE § 106.06(c).[1] Reeder asks this Court to hold that no such action exists.

Not all criminal statutes provide a standard for civil liability. *See Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 278 (Tex.1979). Texas courts impose civil liability based on a criminal statute only when the statute provides an appropriate basis. *See Perry v. S.N.*, 973 S.W.2d 301, 305 (Tex.1998). For example, we have already held in *Smith v. Merritt*, 940 S.W.2d 602 (Tex.1997), that section 106.06 does not provide a negligence per se action against social hosts when their guests are eighteen to twenty years old. But Daniel urges that per se liability is appropriate when younger drinkers are involved. Because of the state's strong public policy against underage drinking, Daniel claims that the statute should be the basis for a negligence per se action against any social host who makes alcohol available to a person under eighteen.

Daniel is correct that section 106.06 reflects a public policy against allowing minors to drink alcohol. However, whether a criminal statute gives rise to negligence per se depends on several factors. First, the plaintiff must be in the class of persons the statute is designed to protect, and his injury must be the type of injury the statute was designed to prevent. *See Perry*, 973 S.W.2d at 305. Daniel meets this test, but *Perry* directs us to consider these

---

1. The Alcoholic Beverage Code did not specify the class of the misdemeanor, it only prescribed the punishment as a fine of not less than $100 and not more that $500. However, the Penal Code provides that any misdemeanor that is left undesignated is a Class C misdemeanor. TEX. PENAL CODE § 12.03(b). Also, any misdemeanor punishable by a fine of not more than $500 is a Class C misdemeanor.

TEX. PENAL CODE § 12.23. The Alcoholic Beverage Code was amended effective September 1, 1997, to change the misdemeanor to a Class B misdemeanor. *See* Act of June 19, 1997, 75th Leg., R.S., Ch. 1013, § 7, 1997 TEX. GEN. LAWS 3688. The punishment for a Class B misdemeanor is a fine of up to $2000, imprisonment of up to 180 days, or both. TEX. PENAL CODE § 12.22.

additional factors: (1) whether the statute is the sole source of any tort duty from the defendant to the plaintiff, or whether it merely supplies a standard of conduct for an existing common law duty; (2) whether the statute puts the public on notice by clearly defining the required conduct; (3) whether the statute would impose liability without fault; (4) whether negligence per se would result in ruinous damages disproportionate to the seriousness of the statutory violation, particularly if the liability would fall on a broad and wide range of collateral wrongdoers; and (5) whether the plaintiff's injury is a direct or indirect result of the violation of the statute. *Id.* at 309.

These factors do not weigh in favor of recognizing negligence per se liability for one minor providing alcohol to another minor. First, Reeder had no common law duty to control Lawson's behavior. Thus the criminal statute does not merely supply the standard for an existing duty, but would create a new one. Second, while it is true that section 106.06 clearly defines the required conduct, there is no indication that Reeder possessed a greater maturity level with respect to alcohol than Lawson. The third factor is not particularly clear since Reeder is certainly not blameless as a provider. However, under the fourth factor, negligence per se could easily result in damages disproportionate to the $500 fine prescribed as the maximum criminal punishment for violation of the statute.[2] And per se liability could fall on a wide range of collateral wrongdoers. Fifth, Daniel's injuries are at most only indirectly caused by Reeder's violation of the statute. Lawson was the real tortfeasor, and Daniel does have a remedy against him. In fact, Lawson was initially named as a defendant in this action, and Daniel has settled his claims against him.

In addition to the factors outlined in *Perry*, it is significant, although not determinative, that the Legislature considered and rejected versions of the statute that included social host liability. *See Graff,* 858 S.W.2d at 919. Thus, I would conclude that section 106.06 does not provide a negligence per se action against one minor who provides alcohol to another minor.

Finally, although it is not clear that Daniel preserved this point, I would hold that Reeder did not have a common-law duty to control Lawson's behavior. Daniel asserted a claim of ordinary negligence in the trial court and urged the court of appeals to hold that Reeder owed Daniel a common-law duty. However, in his filings with this Court, Daniel does not brief this point. The only possible reference to it is one sentence in the conclusion to his brief urging us to recognize a duty "owed by social hosts to third persons injured by minors under the age of eighteen who have been provided alcohol by the social host." The substantive portions of the brief focus entirely on negligence per se.

Even assuming that this point has been properly preserved, I would hold that Reeder did not owe any duty to Daniel. In *Graff v.. Beard,* 858 S.W.2d 918 (Tex. 1993), this Court was asked to "impose a duty to third parties on social hosts who make alcohol available to adult guests." *Graff,* 858 S.W.2d at 919. We focused on two implicit assumptions that would be required to impose such a duty: (1) that the host can reasonably know of the guest's alcohol consumption and intoxication and (2) that the host has the right to control the conduct of the guest. *Id.* at 920. Because we found those assumptions erroneous, we declined to impose a duty.

---

**2.** Since this case arose under the former version of section 106.06, the maximum criminal punishment Reeder could have faced was a fine of $500.

*Id.* at 922. We held that the guest was in a much better position to know "the amount of alcohol he has consumed, his state of sobriety, and the consequential risk he poses to the public." *Id.* at 921. We also noted that, absent a special relationship between the host and the guest, the host did not have the right to control the guest's behavior. *Id.* at 920.

Here, there is no reason to believe that Reeder was in a better position than Lawson to know about Lawson's alcohol consumption or his intoxication. Additionally, there was no special relationship between Reeder and Lawson. Thus, for the reasons articulated in *Graff v. Beard,* I would decline to impose a common-law duty on Reeder to control Lawson's behavior.

I would reverse the court of appeals' judgment and render judgment that Daniel take nothing. However, for the reasons stated, I join only the Court's judgment.