COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-201-CV

 
REBECCA 
DAVIS AND REBECCA                                             APPELLANT
DAVIS 
AS NEXT FRIEND OF M.V.
 
V.
 
LINDA 
RAWLINGS                                                                    APPELLEE
 
------------
 
FROM 
COUNTY COURT AT LAW OF PARKER COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        Appellant, 
Rebecca Davis, filed suit against Appellee, Linda Rawlings, for the death of her 
daughter’s dog. Appellee filed a motion for summary judgment, which the trial 
court granted, disposing of Appellant’s claims against Appellee. Appellant now 
appeals, arguing that the trial court erred by granting the motion for summary 
judgment. Because we hold that Appellant produced no evidence that Appellee owed 
a duty to Appellant, we affirm the trial court’s judgment.
        In 
Appellee’s motion for summary judgment, she alleged, among other things, that 
Appellant had no evidence that Appellee owed a duty to Appellant. Our review of 
the record under the proper standard[2] reveals that 
Appellant did not produce any evidence that a duty was owed.[3]  
Furthermore, Appellant does not complain to this Court that a duty was owed.[4]  The trial court, therefore, did not err by finding 
as a matter of law that Appellee owed no duty to Appellant and disposing of 
Appellant’s negligence claims.[5]
        From 
our review of the record and briefs, we cannot discern that Appellant brought 
any other causes of action. To the extent that she did, any challenge to summary 
judgment on such claims fails for inadequate briefing.[6]  
Consequently, we overrule Appellant’s sole issue and affirm the trial 
court’s judgment.
 
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
 
PANEL B:   DAUPHINOT, 
HOLMAN, and MCCOY, JJ.
DELIVERED: 
March 4, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. R. Civ. 
P. 166a(i); Johnson v. 
Brewer & Pritchard, P.C., 73 S.W.3d 193, 197, 207 (Tex. 2002); S.W. 
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); Morgan v. 
Anthony, 27 S.W.3d 928, 929 (Tex. 2000).
3.  
See Tex. R. Civ. P. 166a(i) cmt.; S.W. Elec. Power Co., 
73 S.W.3d at 215 (holding that the trial court must grant the motion unless the 
nonmovant produces summary judgment evidence that raises a genuine issue of 
material fact); Republic Nat’l Leasing Corp. v. Schindler, 717 S.W.2d 
606, 607 (Tex. 1986) (holding that except for challenges to legal sufficiency of 
the evidence, the nonmovant must attack each ground he wishes to complain about 
on appeal in a response to the motion for summary judgment).
4.  
See Scott v. Galusha, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, 
writ denied) (holding that when summary judgment rests on more than one ground, 
the appealing party must assign error to each ground or judgment will be 
affirmed on a ground on which no complaint is made).
5.  
See Reeder v. Daniel, 61 S.W.3d 359, 364 (Tex. 2001) (holding that it is 
fundamental that a legal duty must exist before a defendant can be liable for 
negligence).
6.  
Tex. R. App. P. 38.1(h), 38.9; see also Fredonia 
State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284–85 (Tex. 1994) 
(discussing the “long-standing rule” that point may be waived due to 
inadequate briefing); Hall v. Stephenson, 919 S.W.2d 454, 466–67 (Tex. 
App.—Fort Worth 1996, writ denied) (holding that inadequately briefed point 
may be waived on appeal).