

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00025-CV

**VINCIN CAMPISE,**

**Appellant**

 **v.**

**HECTOR DAVILA, VICTOR MIRELES,**
**ALONZO ROBLES, & ROBERTO RICO,**

**Appellees**

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 22-001445-CV-361**

## MEMORANDUM OPINION

Appellant, Vincin Campise, complains about a summary judgment granted in favor of appellees, Hector Davila, Victor Mireles, Alonzo Robles, and Roberto Rico. We affirm.

## Background

On June 30, 2022, Campise filed his pro se original petition against appellees alleging, among other things, identity theft and fraud with respect to accounts Campise previously maintained at Truist Bank in Bryan, Texas. Specifically, Campise noted that:

> On or about the 24th day of December 2020 Defendant Victor Merlies [sic] did by the direction of Hector Davila, and through consolidation of accounts with assistance of Olonzo Robles [sic] who Had my identity did initiate Fraudulent Accounts such as Revolving, constant credit, credit cards Due to what is listed in credit reports from (EQUIFAX) credit reports. All prior to January 25th When the Plaintiff acquired his D B A for opening a checking account Frontier Roofing Systems The same day. Fraud was not discovered until 2/4/21 or thereabout, and due to entire available cash flow had Been consumed in and by (INTEREST) charges dating back to December 24th 2020 and on Going up to this date, None of the above was AUTHORIZED by the plaintiff.

Campise alleged $250,000 in compensatory damages, $500,000 in mental anguish, and $500,000 in punitive damages. In what appear to be supplemental petitions, Campise also alleged "involvement to submit False information to credit reporters," "Deceptive trade practices," and civil-conspiracy claims.

Appellees filed a general denial asserting multiple affirmative defenses, as well as a no-evidence motion for summary judgment, arguing that Campise has not presented any evidence in support of his claims. After a hearing, the trial court granted appellees' no-evidence motion for summary judgment. This appeal followed.

**Standard of Review**

Different standards of review apply to summary judgments granted on no-evidence and traditional grounds. *See* TEX. R. CIV. P. 166a(c), (i). A no-evidence summary judgment is the equivalent to a pre-trial directed verdict, and we apply the same legal sufficiency standard on review. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). Once an appropriate no-evidence motion for summary judgment is filed, the non-movant must produce summary-judgment evidence raising a genuine issue of material fact to defeat the summary judgment. *See* TEX. R. CIV. P. 166a(i). "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). We do not consider any evidence presented by the movant unless it creates a fact question. *Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004).

More than a scintilla of evidence exists if the evidence would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam); *see Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994). Evidence that is "so weak as to do no more than create a mere surmise or suspicion of fact" does not create a fact issue. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983); *see Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 772 (Tex. App.—Corpus Christi 2003, no pet.) (op. on reh'g). In determining whether the non-movant has met his burden, we review the evidence in the light most favorable to the non-movant, crediting such evidence if

reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Tamez*, 206 S.W.3d at 582; *see City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

## Discussion

In his four-page brief, Campise does not assert specific issues. *See* TEX. R. APP. P. 38.1(f) (providing that a brief shall "state concisely all issues or points presented for review"). We nonetheless construe Campise's brief liberally to reach his appellate issues on the merits, where possible. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) ("Appellate briefs are to be construed reasonably, yet liberally, so that the right to appellate review is not lost by waiver."). Despite our liberal reading of his brief, we note that pro se litigants, such as Campise, are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978); *see Brown v. Tex. Emp. Comm'n*, 801 S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.] 1990, writ denied).

Liberally construing Campise's brief, we glean that Campise asserts one issue challenging the trial court's granting of appellees' no-evidence motion for summary judgment. Attaching several documents that do not appear in the Clerk's Record to his brief, Campise appears to contend that he provided more than a scintilla of evidence to defeat summary judgment. *See* TEX. R. APP. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary, the reporter's record); *see also Simmons v. Blackstone*

*Developers, LLC*, No. 10-14-00228-CV, 2014 Tex. App. LEXIS 13623, at *7 (Tex. App.—Waco Dec. 18, 2014, no pet.) (mem. op.) ("[A]n appellate court may not consider matters outside the appellate record, and attachment of documents are appendices to an appellate brief does not constitute formal inclusion in the record." (citations omitted)).

As mentioned previously, Campise asserted claims for fraud, identity theft, credit-reporting violations, deceptive trade practices, and conspiracy. We will address each claim in turn.

FRAUD

The elements of a fraud claim are: (1) that a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001) (citing *Formosa Plastics Corp. v. Presidio Engr'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)).

Campise attached a few documents to his pro se original petition, but he did not explain how these documents were relevant or how the information contained in these documents constituted more than a scintilla of evidence in support of his fraud claim.[1]

---

[1] The documents attached to Campise's pro se original petition included a "Cancellation of Your Businessowner's Policy with Berkshire Hathaway Direct Insurance Company" with handwritten notations, a "Businessowner's Insurance Premium Bill" from Berkshire Hathaway Direct Insurance Company, and a

We recognize that Campise was not required to marshal his proof to defeat the no-evidence motion for summary judgment; however, even when viewed in the light most favorable to Campise, the evidence presented by Campise does not raise a fact issue as to any of the elements of his fraud claim. *See* TEX. R. CIV. P. 166a(i); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002); *see also In re FirstMerit Bank, N.A.*, 52 S.W.3d at 758. Moreover, the assertions made by Campise in his petitions are not evidence that create a fact issue so as to defeat summary judgment. *See Weekley Homes v. Paniagua*, 646 S.W.3d 821, 827 (Tex. 2022) ("As a general proposition, pleadings are not competent summary-judgment evidence, even if they are sworn or verified." (citing *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 818 (Tex. 2021); *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660-61 (Tex. 1995))). Accordingly, we cannot say that the trial court erred by granting appellees' no-evidence motion for summary judgment as to Campise's fraud claim.

IDENTITY THEFT

Regarding his identity-theft claim, Campise failed to identify authority to support a civil claim for breach of a criminal statute. *See* TEX. PENAL CODE ANN. § 32.51 (providing that it is a criminal offense to possess or use another person's private identifying information without consent); *see also Jones v. State*, 396 S.W.3d 558, 562 (Tex. Crim. App.

---

"Workers' Compensation Policy" issued by Berkshire Hathaway Company. Later, in his response to appellees' no-evidence motion for summary judgment, Campise attached a litany of bank and credit-card statements, but, once again, failed to explain the relevance of these documents.

2013) (stating that the purpose of section 32.51 of the Texas Penal Code is "to prevent identity theft"); *Reeder v. Daniel*, 61 S.W.3d 359, 362 (Tex. 2001) ("But it is well established that criminal statutes do not always represent a standard for civil liability. Further, the fact that the Legislature enacts a criminal statute does not necessarily mean that this Court may recognize a civil cause of action predicated upon that statute." (internal citations omitted)).

And to the extent that Campise attempts to invoke the Texas Identity Theft Enforcement and Protection Act, *see* TEX. BUS. & COM. CODE ANN. §§ 521.001-.152, we note that only the attorney general may bring an action to recover the civil penalty imposed under this subsection. *See id.* § 521.151(a). Therefore, because Campise's identity-theft claim is not a viable civil action, we cannot say that the trial court erred by granting appellees' no-evidence motion for summary judgment as to this claim.

CREDIT-REPORTING VIOLATIONS

Construed liberally, Campise's claim for credit-reporting violations may implicate Chapter 20 of the Texas Business and Commerce Code. *See* TEX. BUS. & COM. CODE ANN. §§ 20.01-.13. Under section 20.09 of the Texas Business and Commerce Code, "[a] consumer reporting agency that willfully violates this chapter is liable to the consumer against whom the violation occurs for the greater of three times the amount of actual damages to the consumer or $1,000, reasonable attorney fees, and court or arbitration costs." *Id.* § 20.09(a). A "consumer reporting agency" is defined as,

a person that regularly engages wholly or partly in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties for monetary fees, for dues, or on a cooperative nonprofit basis. The terms do not include a business entity that provides only check verification or check guarantee services.

*Id.* § 20.01(5).

Campise has not presented any summary-judgment evidence demonstrating that appellees are a consumer reporting agency, as defined in section 20.01(5) of the Texas Business and Commerce Code, such that appellees are civilly liable under Chapter 20. *See id.; see also id.* § 20.09(a). Thus, Campise has not raised a fact issue as to his claim for credit-reporting violations, and we cannot conclude that the trial court erred by granting appellees' no-evidence motion for summary judgment as to this claim.

DECEPTIVE TRADE PRACTICES

Next, we address Campise's complaint about deceptive trade practices allegedly "done by bankers." To establish a deceptive-trade-practices claim, Campise must prove that: (1) he is a consumer; (2) appellees engaged in false, misleading, or deceptive acts; and (3) these acts constituted a producing cause of Campise's damages. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). Other than conclusory assertions in his petitions filed in the trial court, Campise has not presented any summary-judgment evidence creating a fact issue as to the elements of his deceptive-trade-practices claim. Accordingly, we conclude that the trial court did not err by granting appellees' no-evidence motion for summary judgment on this claim.

CONSPIRACY

In his petitions filed in the trial court, Campise also appears to allege that appellees engaged in civil conspiracy. The Texas Supreme Court has stated that in civil conspiracy, the plaintiff seeks to hold a defendant vicariously liable for an injury caused by another who has acted in combination with the defendant for a common purpose. *Agar Corp. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 140-41 (Tex. 2019); *see Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983) (noting that civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means). The elements of civil conspiracy are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result. *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). However, civil conspiracy is not a freestanding tort cause of action. *Four Bros. Boat Works, Inc. v. Tesoro Petroleum Cos.*, 217 S.W.3d 653, 668 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("There is no independent liability for civil conspiracy." (internal citations omitted)); *see Agar Corp.*, 580 S.W.3d at 140-41. Conspiracy is considered a "derivative tort" because "a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). Thus, to prevail on a civil-conspiracy claim, the plaintiff must show the defendant was liable for some underlying tort. *Four Bros. Boat Works, Inc.*, 217 S.W.3d at 668.

Here, Campise has not presented any evidence creating a fact issue regarding any other underlying tort, nor does his evidence create a fact issue regarding the elements for civil conspiracy. We therefore cannot conclude that the trial court erred by granting appellees' no-evidence motion for summary judgment as to this claim. We overrule Campise's sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.


STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Johnson,
    and Justice Smith
Affirmed
Opinion delivered and filed April 12, 2023
[CV06]

