# Supreme Court of Texas

No. 24-0428

City of Houston, Texas,

*Petitioner*,

v.

Chelsea Manning, Individually and as Next Friend of T.N.,
Aaliyah Mitchell, and Cierra Williams,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

**PER CURIAM**

When certain statutory conditions are satisfied, the Texas Tort Claims Act waives governmental immunity from suit for injuries caused by "negligence." We are asked to decide whether that waiver includes injuries caused by negligence per se. We hold that it does in this case because the statutory standards of care used to measure negligence per se "merely [] define more precisely what conduct breaches" the "common law duty," so that "violating the statutory standard[s] . . . would usually also be negligence under [the] common law." *Perry v. S.N.*, 973 S.W.2d 301, 306 (Tex. 1998).

**I**

After the Houston Fire Department received a 9-1-1 dispatch call about an ongoing dumpster fire at an apartment complex, Fire Engine 82 was dispatched to the scene. The fire truck's operator, William Schmidt, drove the engine southbound on Fondren Road. Near that same time, Chelsea Manning was driving three passengers westbound on Ludington Drive, which intersects Fondren Road. Approaching the Fondren–Ludington intersection, Manning slowed and stopped at a red traffic light. When the light turned green, Manning proceeded into the intersection.

Meanwhile on Fondren Road, which has a posted speed limit of 35 mph, Schmidt drove the fire truck at about 45 mph. Schmidt had activated the fire truck's siren, emergency lights, and Opticom transmitter, which turns oncoming traffic lights green.[1] As the fire truck entered the Fondren–Ludington intersection, it began changing lanes and struck Manning's car.[2] The Houston Police Department's investigation concluded that Schmidt "failed to proceed with duty and care through the intersection."

Manning sued the City of Houston, asserting various claims including negligence and negligence per se and invoking the waiver of

---

[1] Schmidt and his captain told the investigating police officer that they did not see or did not recall the color of the light before the truck entered the intersection, but the captain testified in a later affidavit that the transmitter had turned their light green.

[2] Manning claimed she did not see the truck. One of Manning's passengers testified to the contrary, claiming to have warned Manning of the approaching fire truck just before the collision.

immunity in the Texas Tort Claims Act (TTCA). Manning based her allegations of negligence per se on Schmidt's violation of three sections of the Transportation Code. *See* TEX. TRANSP. CODE §§ 545.401, 546.001, 546.005. After the City's first effort to obtain summary judgment based on governmental immunity failed,[3] the City introduced new evidence and again moved for summary judgment. The trial court denied the City's motion, and the City filed an interlocutory appeal. *See* TEX. GOV'T CODE § 51.014(a)(5).

The court of appeals affirmed in relevant part.[4] *See* ___ S.W.3d ___, 2024 WL 973806, at *1 (Tex. App.—Houston [14th Dist.] Mar. 7, 2024). The court concluded that the TTCA waives governmental immunity for claims based on a government employee's negligence per se. *Id.* at *8. In rejecting the City's contrary argument, the court reasoned that "negligence per se is one method of proving a breach of duty, which is a necessary element in any negligence cause of action." *Id.* at *7. In addition, the court of appeals held that the City had not proven its entitlement to governmental immunity because there were genuine issues of material fact regarding whether Schmidt acted in good faith for purposes of official immunity and whether Schmidt acted with

---

[3] The trial court denied the City's first motion for summary judgment, and the City filed an interlocutory appeal. The court of appeals affirmed as to Manning's claims of negligence and negligence per se, allowing those claims to proceed. *City of Houston v. Manning*, No. 14-20-00051-CV, 2021 WL 1257295, at *8 (Tex. App.—Houston [14th Dist.] Apr. 6, 2021, pet. denied).

[4] The court of appeals reversed the portion of the trial court's order allowing two of the passengers' parents to join and seek recovery of past medical expenses, but that is not at issue in this appeal.

3

reckless disregard for purposes of the emergency exception and the 9-1-1 exception. *Id.* at *5-7. The City petitioned for review.

## II

The City's first issue asks whether the TTCA waives governmental immunity for claims of negligence per se. As always, we begin with the statutory text, which reads: "A governmental unit in the state is liable for . . . property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if," as relevant here, the injury "arises from the operation or use of a motor-driven vehicle" and "the employee would be personally liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(1). When interpreting a statutory waiver of immunity like the TTCA, courts are bound by the Legislature's chosen text: we construe the waiver narrowly, favoring the government's retention of immunity where possible. TEX. GOV'T CODE § 311.034; *see also City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007).

As a textual matter, the City argues that the TTCA's language is plain: it includes only negligence, not negligence per se. If the Legislature wanted to waive governmental immunity for harm resulting from negligence per se, it could have done so expressly. It did not, the City argues, so a narrow construction of the TTCA favoring the retention of immunity demands the dismissal of Manning's claim of negligence per se. This issue has divided some of our courts of appeals. Like the court in this case, some courts reason that negligence per se falls within the waiver because it is just another method of proving breach of duty,

4

a necessary element in every negligence cause of action.[5] One court of appeals has disagreed, declining to include negligence per se claims within the TTCA's waiver.[6]

Under the plain language of the statute and our precedent, we conclude that the negligence per se claim in this case falls within the scope of the waiver. As noted above, the statutory waiver is for the "*wrongful act or omission* or the *negligence* of an employee acting within his scope of employment." TEX. CIV. PRAC. & REM. CODE § 101.021(1) (emphases added). We need not venture a comprehensive definition of "wrongful act or omission" to decide this case, as it is enough to observe that negligence per se claims will often involve such an act or omission.[7] "Negligence per se is a common-law doctrine that allows courts to rely on a penal statute to define a reasonably prudent person's standard of care." *Reeder v. Daniel*, 61 S.W.3d 359, 361-62 (Tex. 2001).

In addition, we have defined "negligence" for purposes of the waiver to encompass "three degrees or grades of negligence, including gross negligence, ordinary negligence, and slight negligence" or "high degree of care." *VIA Metro. Transit v. Meck*, 620 S.W.3d 356, 370 (Tex.

---

[5] *See City of Houston v. Cruz*, No. 01-22-00647-CV, 2023 WL 8938408, at *11 (Tex. App.—Houston [14th Dist.] Dec. 28, 2023, no pet.); *McDonald v. City of the Colony*, No. 02-08-00263-CV, 2009 WL 1815648, at *7 & n.11 (Tex. App.—Fort Worth June 25, 2009, no pet.).

[6] *See Thoele v. Tex. Dep't of Crim. Just.*, No. 10-18-00249-CV, 2020 WL 7687864, at *5-6 (Tex. App.—Waco Dec. 22, 2020, no pet.); *Tex. Dep't of Crim. Just. v. Parker*, No. 10-18-00024-CV, 2020 WL 5833869, at *5-6 (Tex. App.—Waco Sept. 30, 2020, no pet.).

[7] The statute does list some wrongful acts and omissions that do not qualify, many of which involve intentional torts. *See* TEX. CIV. PRAC. & REM. CODE § 101.057.

5

2020) (internal quotation marks omitted). In many cases, the penal statute that provides the basis for a negligence per se claim does not clearly abrogate the grade of negligence that applies under the common law;[8] it functions "merely to define more precisely what conduct breaches" the "common law duty." *Perry*, 973 S.W.2d at 306.[9] In other words, negligence per se is generally "a species of negligence, in which the breach of duty element is established by showing the violation of a statute or regulation." *Tenaris Bay City Inc. v. Ellisor*, No. 23-0808, ___ S.W.3d ___, slip op. at 10 (Tex. May 23, 2025) (citing *Mo. Pac. R.R. v. Am. Statesman*, 552 S.W.2d 99, 102 (Tex. 1977)). In such cases, the claim remains one for negligence and falls within the scope of the waiver.

"For example, the overwhelming majority of this Court's negligence per se cases have involved violations of traffic statutes by drivers and train operators—actors who already owed a common law duty to exercise reasonable care toward others on the road or track." *Perry*, 973 S.W.2d at 306 (collecting cases). "When a statute criminalizes conduct that is also governed by a common law duty, as in the case of a

---

[8] "Abrogating common-law claims is disfavored and requires a clear repugnance between the common law and statutory causes of action." *Cash Am. Int'l, Inc. v. Bennett*, 35 S.W.3d 12, 16 (Tex. 2000) (internal quotation marks omitted). In other words, "statutes purporting to abrogate common-law principles must do so either expressly or by necessary implication." *Taylor v. Tolbert*, 644 S.W.3d 637, 649 (Tex. 2022).

[9] *See* RESTATEMENT (SECOND) OF TORTS § 288B cmt. a (AM. L. INST. 1965) ("Where a statute . . . is adopted . . . as defining the standard of conduct of a reasonable man[,] . . . the unexcused violation of the provision is a clear departure from that standard [] and is conclusive on the issue of an actor's negligence."), *cited with approval in Perry*, 973 S.W.2d at 304 n.4.

6

traffic regulation, applying negligence per se causes no great change in the law because violating the statutory standard of conduct would usually also be negligence under a common law reasonableness standard." *Id.*

Those are the kinds of statutes at issue here. Manning alleges that Schmidt was negligent per se because he violated various statutory standards:

- TEX. TRANSP. CODE § 546.001(2): "In operating an authorized emergency vehicle the operator may," among other things, "proceed past a red or stop signal or stop sign, after slowing as necessary for safe operation . . . ."

- TEX. TRANSP. CODE § 546.005(1): "This chapter does not relieve the operator of an authorized emergency vehicle from . . . the duty to operate the vehicle with appropriate regard for the safety of all persons . . . ."

Section 546.001(2)'s standard of "as necessary for safe operation" and Section 546.005(1)'s standard of "appropriate regard for the safety of all persons" are simply "more precise[]" articulations of what conduct breaches the common-law standard of reasonable care in a particular factual context. *Perry*, 973 S.W.2d at 306. "Statutes and regulations generally requiring a party to act safely or reasonably do not substitute a legislatively imposed standard of conduct for the reasonable-person standard of common-law negligence." *In re CenterPoint Energy Houston Elec., LLC*, 629 S.W.3d 149, 163 (Tex. 2021).[10]

---

[10] In her live pleading, Manning also alleges that Schmidt was negligent per se because he violated Section 545.401(a) of the Transportation Code. *See* ___ S.W.3d ___, 2024 WL 973806, at *7; *see also* TEX. TRANSP. CODE

7

For these reasons, we conclude the court of appeals correctly rejected the City's argument that Manning's claims of negligence per se are outside the scope of the waiver statute. We disapprove those cases holding otherwise.[11]

## III

The City's other issues concern the court of appeals' holdings on official immunity, the emergency exception, and the 9-1-1 exception. The trial court denied the City's motion for summary judgment, and the court of appeals affirmed, concluding there were genuine issues of material fact regarding these exceptions to the waiver of immunity. We recently clarified the correct approach to those issues in *City of Houston v. Rodriguez*, 704 S.W.3d 462 (Tex. 2024), *City of Austin v. Powell*, 704 S.W.3d 437 (Tex. 2024), and *City of Killeen–Killeen Police Dep't v. Terry*, ___ S.W.3d ___, 2025 WL 1196743, at *1 (Tex. Apr. 25, 2025).

Accordingly, without hearing oral argument, we grant the petition for review, vacate the court of appeals' judgment in part, and remand this case to that court to reconsider these issues in light of our

---

§ 545.401(a) ("A person commits an offense [of reckless driving] if the person drives a vehicle in wilful or wanton disregard for the safety of persons or property."). We have said that Section 545.401(a) adopts a common-law recklessness standard. *See City of San Antonio v. Maspero*, 640 S.W.3d 523, 531 (Tex. 2022); *City of Houston v. Green*, 672 S.W.3d 27, 30 (Tex. 2023); *City of Austin v. Powell*, 704 S.W.3d 437, 456 (Tex. 2024). If Manning pursues this section as a predicate for her negligence per se claims, its standard subsumes the meaning of the term "negligence" used in the waiver statute, *see VIA Metro. Transit*, 620 S.W.3d at 370, meaning she must necessarily meet that standard for liability to attach.

[11] *See* cases cited *supra* note 6.

recent decisions.  *See* TEX. R. APP. P. 59.1, 60.2(f).  We do not disturb the portion of the court of appeals' judgment regarding medical expenses.

**OPINION DELIVERED:** May 23, 2025